**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELVIN CLAUDE COATS, II,<br><br>        Plaintiff,<br><br>        v.<br><br>LOS ANGELES POLICE DEPARTMENT,<br><br>        Defendant. | Case No. CV 18-10135-DSF (JPR)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM |

On December 6, 2018, Plaintiff filed pro se a civil-rights action under 42 U.S.C. § 1983. He was subsequently granted leave to proceed in forma pauperis. His civil-rights claims arise from a 72-hour psychiatric hold on him effected by the Los Angeles Police Department after he attempted suicide.

On January 18, 2019, after screening the Complaint under 28 U.S.C. § 1915(e)(2), the Magistrate Judge dismissed it with leave to amend because, among other deficiencies, it failed to state any claim upon which relief could be granted. Plaintiff was ordered to file an amended pleading no later than February 15, 2019, and was warned that failure to do so could result in dismissal of his lawsuit for the reasons stated in the dismissal

1

order or for failure to diligently prosecute.

To date, Plaintiff has not filed an amended complaint, requested an extension of time to do so, or otherwise responded to the dismissal order in any way. The dismissal order was sent to his address of record and was not returned as undeliverable.

<u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a pro se plaintiff's lawsuit for failure to prosecute. <u>See also</u> <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). A court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant[]; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." <u>Carey</u>, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendant that can be overcome only with an affirmative showing of just cause by the plaintiff. <u>See</u> <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth <u>Carey</u> factors militate in favor of dismissal. In particular, Plaintiff has offered no explanation for his failure to file an amended complaint. Thus, he has not rebutted the presumption of prejudice to Defendant. No less drastic sanction is available, as the Complaint fails to state a claim and should not be ordered served; as a result, the Court is unable to manage its docket.

Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261-62 (9th Cir. 1992) (as amended) (upholding dismissal of pro se civil-rights action for failure to timely file amended complaint remedying deficiencies in caption); Baskett v. Quinn, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).

**ORDER**

Accordingly, this action is dismissed for failure to prosecute and for the reasons stated in the Magistrate Judge's January 18, 2019 order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 2/27/2019

DALE S. FISCHER
U.S. DISTRICT JUDGE

Presented by:

Jean P. Rosenbluth
U.S. Magistrate Judge